### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS


**TRUSTEES OF CENTRAL LABORERS'**
**PENSION, WELFARE & ANNUITY FUNDS,**

    **Plaintiffs,**

**v.**

**JAMES MARTIN ADAMS, individually and**
**d/b/a J.M. CONSTRUCTION CO. OF BENTON, INC.**
**and CAROL L. ADAMS, individually and**
**d/b/a J.M. CONSTRUCTION CO. OF BENTON, INC.,**

    **Defendants.**                    **Case No. 08-cv-202-DRH**


### ORDER


**HERNDON, Chief Judge:**

        This matter comes before the Court on Plaintiffs' Motion for Entry of Default Judgment (Doc. 8). The docket reflects that Plaintiffs filed their Complaint (Doc. 2) on March 17, 2008 and defendants James Martin Adams, individually and d/b/a J.M. Construction Co. of Benton, Inc., and Carol L. Adams, individually and d/b/a J.M. Construction Co. of Benton, Inc., were personally served on March 26, 2008 (Docs. 3 & 4). Neither Defendant filed a responsive pleading nor entered an appearance. On June 16, 2008, the Clerk's Entry of Default was issued as to both Defendants (Doc. 7).

Plaintiffs are the Trustees of Central Laborers' Pension, Welfare & Annuity Funds (the "Funds"). In their Complaint, Plaintiffs allege that Defendants, as "an employer engaged in an industry affecting commerce, who employ or have employed individuals in the appropriate unit of laborers, the majority of which are members of and are represented by laborers' locals affiliated with the Funds," entered into an Agreement to participate in the Funds to secure health and welfare benefits for their employees represented by local laborers' unions affiliated with the Funds (Doc. 2, ¶ 3 & Exs. 1-4). According to Plaintiffs, Defendants' agreement with the Funds thereby obligated them to pay fringe benefit contributions pursuant to the terms of the Agreement, as well as made them liable for reasonable attorneys' fees and costs associated with any effort the Funds required to collect delinquent contributions from Defendants (*Id*. at Ex. 1). Additionally, the Agreement also stated that Defendants would be liable to pay liquidated damages on all of their delinquent contributions (*Id*. at Ex. 1). Plaintiffs allege that Defendants breached their obligations under the Agreement by failing to pay fringe benefits (*Id*. at ¶ 5).

Plaintiffs now seek a default judgment against Defendants, individually, in the total amount of Seven Thousand Four Hundred Fifty Dollars and Twenty-Eight Cents ($7,450.28), representing their indebtedness to Plaintiffs for delinquent contributions in the amount of $3,035.71, liquidated damages in the amount of $303.57, as well as attorney's fees and court costs, in the amount of $4,111.00. Additionally, Plaintiffs seek that the default judgment order Defendants to comply with an up to date audit of their books.

A party is authorized to seek a default judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55**. Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. **FED. R. CIV. P. 55**. The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for abuse of discretion. ***Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005)**. "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-plead. ***Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982))**. Plaintiff must then establish a right to the requested relief sought. ***In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).**

A party obtaining a default judgment in its favor is not entitled to an award "exceed[ing] [the] amount [] prayed for in the demand for judgment." **FED. R. CIV. P. 54(c)**. Allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment. ***In re Catt*, 368 F.3d at 793 (citations omitted); *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted)**. Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. ***Id.*** Such determination can be made either based upon an evidentiary hearing or from "definite figures contained

in the documentary evidence or in detailed affidavits." ***Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted); *see also In re Catt*, 368 F.3d at 793**.

The Court finds several evidentiary items are missing that prevents the Court from granting Plaintiff a default judgment against Defendants at this juncture. First, Plaintiffs fail to specify the period of time Defendants were allegedly bound by the terms of the Agreement and the month(s) and year(s) of the alleged delinquent contributions they seek to collect. Such is necessary for the Court to determine whether the submitted exhibits indicate Defendants were obligated to pay contributions as Plaintiffs alleged.

Second, Plaintiffs have failed to include documentary evidence to substantiate the amount of delinquent contributions allegedly due and owing from Defendants, pursuant to the Agreement, as stated in the Affidavit of Dan Koeppel (Doc. 8, Ex. A). In other words, there is no documentary evidence to show how Mr. Koeppel arrived at this amount ($3,339.28), such as invoices, monthly reports, audit records or collection notices, etc.

Third, Plaintiffs' request for attorneys' fees and costs is also not properly substantiated. The Affidavit of Plaintiffs' Attorney (Doc. 8, Ex. B) should be accompanied by attached records showing a reasonable itemization of the attorney hours worked on the matter (generally provided by billing statements)[1] as well as any receipts for the costs incurred. (These costs should at least be reflected on the

---

[1] Redacted, in part, if necessary, to preserve the attorney-client privilege.

billing statements.)

Therefore, the Court **DEFERS** its ruling on Plaintiffs' Motion for Default Judgment (Doc. 8). Instead, Plaintiffs are **ORDERED** to file a Supplement to their Motion so that they may attempt to adequately address the evidentiary deficiencies discussed within this Order. Plaintiffs' Supplement shall be filed on or before **Friday, August 15, 2008**. If Plaintiffs should fail to timely file a Supplement or timely request an extension, the instant Motion shall be denied. If Plaintiffs are unable to provide the supplemental evidentiary items, they may request the Court conduct an evidentiary hearing, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2)**; such motion for evidentiary hearing should be filed in lieu of the Supplement.

**IT IS SO ORDERED.**

Signed this 15th day of July, 2008.

/s/      David R Herndon

**Chief Judge**
**United States District Court**