IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRUSTEES OF CENTRAL LABORERS'
PENSION, WELFARE & ANNUITY FUNDS,

    Plaintiffs,

v.

JAMES MARTIN ADAMS, individually and
d/b/a J.M. CONSTRUCTION CO. OF BENTON, INC.
and CAROL L. ADAMS, individually and
d/b/a J.M. CONSTRUCTION CO. OF BENTON, INC.,

    Defendants.                                Case No. 08-cv-202-DRH

## ORDER

**HERNDON, Chief Judge:**

On July 15, 2008, the Court issued an Order (Doc. 9), directing Plaintiffs to file a Supplement to their Motion for Default Judgment (Doc. 8). Plaintiffs are the Trustees of Central Laborers' Pension, Welfare & Annuity Funds (the "Funds"). Plaintiffs allege that Defendants entered into an Agreement to participate in the Funds to secure health and welfare benefits for their employees represented by local laborers' unions affiliated with the Funds (Doc. 2, ¶ 3 & Exs. 1-4). According to Plaintiffs, Defendants' agreement with the Funds thereby obligated them to pay fringe benefit contributions pursuant to the terms of the Agreement, as well as made them liable for reasonable attorneys' fees and costs associated with any

effort the Funds required to collect delinquent contributions from Defendants (*Id*. at Ex. 1). Additionally, the Agreement also stated that Defendants would be liable to pay liquidated damages on all of their delinquent contributions (*Id*. at Ex. 1). Plaintiffs allege that Defendants breached their obligations under the Agreement by failing to pay fringe benefits (*Id*. at ¶ 5).

Plaintiffs moved for a default judgment against Defendants, individually, in the total amount of Seven Thousand Four Hundred Fifty Dollars and Twenty-Eight Cents ($7,450.28), representing their indebtedness to Plaintiffs for delinquent contributions in the amount of $3,035.71, liquidated damages in the amount of $303.57, as well as attorney's fees and court costs, in the amount of $4,111.00. Additionally, Plaintiffs seek that the default judgment order Defendants to comply with an up to date audit of their books.

The docket reflects that Defendants were in default; an entry of default was issued by the Clerk on June 16, 2008 (Doc. 7). However, when reviewing Plaintiff's Motion for Default Judgment against Defendants (Doc. 8), the Court found several evidentiary shortcomings which prevented it from issuing a default judgment:

(1) Plaintiffs' failure to specify the period of time Defendants were allegedly bound by the terms of the Agreement and the month(s) and year(s) of the alleged delinquent contributions they seek to collect. Such is necessary for the Court to determine whether the submitted exhibits indicate Defendants were obligated to pay contributions as Plaintiffs alleged.

(2) Plaintiffs failure to include documentary evidence to substantiate the

amount of delinquent contributions allegedly due and owing from Defendants, pursuant to the Agreement, as stated in the Affidavit of Dan Koeppel (Doc. 8, Ex. A). In other words, there is no documentary evidence to show how Mr. Koeppel arrived at this amount ($3,339.28), such as invoices, monthly reports, audit records or collection notices, etc.

(3) Plaintiffs' failure to properly substantiate their request for attorneys' fees and costs. The Affidavit of Plaintiffs' Attorney (Doc. 8, Ex. B) should be accompanied by attached records showing a reasonable itemization of the attorney hours worked on the matter (generally provided by billing statements) as well as any receipts for the costs incurred. (These costs should at least be reflected on the billing statements.)

These shortcomings prompted the Court to require that Plaintiffs file a supplement. Plaintiffs have since filed their Supplement (Docs. 10 & 11), which is now before the Court. The Court finds adequate documentary evidence to show that Defendants' contractual obligations with the Funds existed for the time period at issue in this case, as the Agreement contained an automatic renewal provision. Thus, for the time period sought by Plaintiffs, the Court finds the evidence adequate to support Plaintiffs' allegations that Defendants were contractually obligated to pay contributions. The Court also finds that the supplemental documents submitted by Plaintiffs now adequately substantiate the amount of delinquent contributions sought. The itemized billing statements also serve to substantiate the amount sought

in associated attorneys' fees and costs.[1]  Therefore, Plaintiffs' Motion for Default Judgment (Doc. 8) is **GRANTED**.  Accordingly, the Court directs the Clerk to enter a **DEFAULT JUDGMENT** in favor of Plaintiffs and against defendants James Martin Adams, individually and d/b/a J.M. Construction Company of Benton, Inc., and Carol L. Adams, individually and d/b/a J.M. Construction Company of Benton, Inc., in the amount of **Seven Thousand Four Hundred Fifty Dollars and Twenty Eight Cents ($7,450.28)**.  Defendants are further **ORDERED** to allow Plaintiffs to conduct an up-to-date audit of their books.

    **IT IS SO ORDERED.**

    Signed this 15th day of October, 2008.

    /s/    David R Herndon
**Chief Judge**
**United States District Court**

---

[1] The Court declines to award Plaintiffs additional fees and costs associated with the preparation and filing of the Supplement to the Motion for Default Judgment (Doc. 10), as Defendants should not be financially liable for Plaintiffs' evidentiary shortcomings.